NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7160

ROGER J. OWENS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Roger J. Owens, of Durham, North Carolina, pro se.

Lauren A. Weeman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.  Of counsel were Michael J. Timinski, Deputy Assistant General Counsel, and Jane C. Kang, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7160

ROGER J. OWENS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-3609, Judge Ronald M. Holdaway.

_____

DECIDED:   May 5, 2009

_____

Before MAYER, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

Roger Owens appeals the judgment of the United States Court of Appeals for Veterans Claims affirming a Board of Veterans' Appeals decision denying his entitlement to an earlier service connection effective date for post-traumatic stress disorder.  Owens v. Shinseki, No. 06-3609 (Ct. Vet. App. May 2, 2008).  Because Owens has not presented a claim challenging the validity of a rule of law or regulation, or an interpretation of one, and has presented a constitutional issue in name only, we dismiss for lack of jurisdiction.

Our authority to review a decision of the Veterans Court is limited. We may review such a decision only to the extent that it pertains to the validity of a "rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C §§ 7292(a), (c). Absent the presentation of a constitutional issue, we do not otherwise have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Owens argues that the Veterans Court has misinterpreted the law as using the terms "open" and "re-open" interchangeably in denying that he had presented a claim for service-connected PTSD before August 30, 1995. This argument is grounded on a notation of "reopened claim received 8-30-95" on a VA Rating Decision Sheet. Since he alleges that he had presented the VA with a PTSD claim in 1988, the fact that the VA would mark this as "reopened" means that it must have been opened before. The inference of a prior article claiming PTSD from this evidence, however, constitutes a matter of fact that we do not have jurisdiction to consider.

Owens also argues that because the Veterans Court has held him responsible for the date stamp on evidence showing a 1988 claim for PTSD, a VA Form 21-526 for which there is no record of receipt, he has been denied equal protection of the law, a constitutional issue. However, the Veterans Court made no such constitutional decision, and Owens' equal protection claim is actually an argument on the factual merits of whether the form was received before 1995 as he alleged.